**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WACHOVIA BANK, N.A., a National Banking Association, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE BANK OF OKLAHOMA, N.A., )<br>a National Banking Association, et al., )<br>)<br>Defendants. ) | Case No. CIV-06-0263-F |

**ORDER**

Two virtually identical motions to dismiss are before the court: "Dell-Star Technologies, Inc.'s Motion to Dismiss Fifth, Sixth, and Seventh Causes of Action of Amended Complaint," filed August 16, 2006 (doc. no. 42); and "Defendant Galen Gibson's Motion to Dismiss Fifth, Sixth, and Seventh Causes of Action of Amended Complaint," filed September 21, 2006 (doc. no. 59.) Both moving parties ask the court to dismiss the fifth cause of action (which alleges fraud and fraudulent inducement), the sixth cause of action (which alleges fraudulent concealment), and the seventh cause of action (which alleges conspiracy to commit the fraud alleged in the fifth and sixth causes of action). The challenged claims were added to this lawsuit by plaintiff Wachovia Bank, N.A. (Wachovia) on August 3, 2006. Wachovia has responded to both motions, and the motions are ready for determination.[1]

---

[1] The only non-moving defendant is The Bank of Oklahoma, N.A. It has not filed any response to either motion. Accordingly, when this order refers to "the defendants," it refers to the two moving defendants only.

Defendants argue that the challenged claims do not meet the particularity requirements of Rule 9(b), Fed. R. Civ. P., so that dismissal should be granted under that Rule and under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim. Defendants also argue that the dismissal should be with prejudice. The parties essentially agree on the standards by which the sufficiency of the Amended Complaint is measured under Rule 9(b). They disagree as to whether the Amended Complaint meets the required standards.

## I.  Standards

Dismissal of a claim for failure to meet the particularity requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Seattle-First National Bank v. Carlstedt, 800 F.2d 1008, 1011 (10th Cir. 1986). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The primary purpose of Rule 9(b) is to afford a defendant fair notice of the plaintiff's claim and of the factual ground upon which it is based. Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 987 (10th Cir. 1992) (overruled on other grounds). Rule 9(b) also safeguards defendant's reputation and goodwill from improvident charges of wrongdoing and inhibits the institution of strike suits. *Id.* These purposes are rigorously enforced by courts within the tenth circuit. *Id.* A complaint alleging fraud must set forth the time, place and contents of the false representation, the identity of the party making the false statements, and the consequences of the fraud. Tal v. Hogan, 453 F.3d 1244, 1263 (10th Cir. 2006) quoting Koch v. Koch Industries, Inc., 203 F.3d 1202, 1236 (10th Cir. 2000).

## II.  Discussion
### The Fifth Cause of Action

Defendants challenge the claim alleged as "The Fifth Cause of Action Against Defendants, Dell-Star, Gibson and Brown." (The Amended Complaint refers to the challenged pleadings as "causes of action" but this order often refers to them as "claims.")  Defendants argue that this fifth claim fails to identify the alleged wrongdoers with specificity, fails to allege by what means the wrongdoers improperly obtained the altered check which is the subject of this action, and fails to identify exactly how the wrongdoing occurred because the Amended Complaint alleges the wrongful conduct in the alternative.  For example, defendants point to the fact that the Amended Complaint (¶ 21) alleges that defendants Dell-Star, Gibson and Brown, "*or a combination of them,*" 1) improperly obtained the check which is the subject of this action "from a yet unknown individual," and that these defendants 2) "*either* altered *or* improperly obtained the Check in an altered condition" then 3) deposited the check in Dell-Star's Bank of Oklahoma account in order to obtain $299,500 by fraudulent means and 4) concocted a sham sale to the government of Nigeria to cover their fraudulent conduct.  (Amended Complaint, ¶ 21, emphasis added.)  (These allegations are numbered in the Amended Complaint as they are numbered here.)

Defendants further complain that the next paragraph of the Amended Complaint (¶ 22), alleges that when Dell-Star and Gibson deposited the check into Dell-Star's account with the Bank of Oklahoma on March 12, 2002, "they knew *or* should have known" that the check contained material falsities "*either* because they, along with Brown, altered the check, *or* because they, along with Brown, knew *or* had reason to believe that the person from whom they obtained the Check had altered the Check *or* otherwise had unauthorized possession of the Check."  (Amended Complaint, ¶ 22, emphasis added.)

In support of its arguments that these alternative allegations do not meet the requirements of Rule 9(b), defendants rely primarily on Koch v. Koch Industries, 203 F.3d 1202 (10th Cir. 2000). (See moving brief, pp. 2-5.) Koch was a securities fraud case which held that allegations that misrepresentations were made "during 1982 and continuing to the present time," did not alert the defendants to a sufficiently precise time frame to satisfy Rule 9(b). Koch, 203 F.3d at 1237. The Koch decision also noted that the complaint did not mention "at all" the place at which any misrepresentations were made and that it "specifie[d] nothing" about the content of the alleged misrepresentations, instead "reciting" only the general statement that the defendants "fail[ed] to disclose the existence, location, ownership, condition and true value of [the subject] assets and property." *Id.* Finally, Koch stated that the complaint failed to identify "any specific Defendant who made these alleged fraudulent misrepresentations or omissions," which the court commented was "a particularly important requirement in this case because of the number of individual defendants involved." *Id.* (There were five individual defendants in Koch.)

The allegations in the instant case are much more specific than the allegations in Koch. For example, the Amended Complaint gives particular information regarding the time of the alleged fraud, stating that the subject check was deposited "about March 12, 2002." (¶ 22.) The Amended Complaint also gives information regarding the place where the alleged fraud occurred, identifying the bank where the check was deposited as the Bank of Oklahoma, N.A., a national bank with its principal place of business in Tulsa and with several branches within the Western District of Oklahoma, and stating that the check was deposited in Dell-Star's account at that bank. (¶¶ 8, 21.)

Although the Amended Complaint alleges that the fraud was committed by "Defendants Dell-Star, Gibson and Brown, or a combination of them," the Amended

Complaint identifies as the wrongdoers with respect to this claim, the one institutional defendant among the two which are sued in this action and the two individual defendants, as the wrongdoers with respect to this claim.[2] In Koch, by contrast, there were five individual defendants plus the institutional defendant and the misrepresentation claim did not single out or identify any particular defendant. Koch, 203 F.3d at 1237. Furthermore, in the instant case, the institutional defendant with respect to the fifth cause of action, Dell-Star, is alleged to be an Oklahoma corporation, doing business in the State of Oklahoma, with its principal place of business in Tulsa. (¶ 3.) Mr. Galen Gibson is alleged to be the executive vice-president and chief operating officer of Dell-Star (¶4), and Mr. David Brown is alleged to have been Dell-Star's operations manager from September 7, 1999 through September 30, 2005. (¶ 5.) Not only do these allegations, taken together, provide a good deal of particular information regarding each of the accused wrongdoers, the allegations make clear that Mr. Gibson and Mr. Brown are corporate insiders of Dell-Star. A complaint alleging fraud by several corporate insiders need not match specific misstatements with specific officers or directors. Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1254 (10th Cir. 1997).[3]

---

[2]David Brown has now been voluntarily dismissed from this action by the plaintiff.

[3]In addition to the Koch case discussed in the text, in this portion of its brief, defendants also cite Lillard v. Stockton, 267 F. Supp. 2d 1081 (N.D. Okla. 2003), Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357 (10th Cir. 1989) and Lawrence National Bank v. Edmonds (In re Edmonds), 924 F.2d 176, 180 (10th Cir. 1991). Although the general legal principles stated in those cases apply, the holdings are distinguishable on their facts. Lillard held that allegations did not meet heightened pleading standards under the Private Securities Litigation Reform Act. Cayman was a RICO case in which mail fraud was alleged as a predicate act. The allegations regarding the mail fraud which the court found inadequate for RICO purposes were that the defendant had "knowingly sent correspondence and communications through the U.S. mails on more than two occasions with the specific design to assert a false position, known to be false, with the specific intent to compel plaintiff to relieve defendant of its take-or-pay contract. *Id*. at 1362. Lawrence is

(continued...)

Defendants are correct that, in addition to alleging the wrongdoers for purposes of the fifth claim in the alternative in some respects, the Amended Complaint also alleges certain aspects of the misconduct in the alternative. For example, the Amended Complaint does not specify whether the defendants altered the check themselves or obtained the check in its altered condition or otherwise came to have unauthorized possession of the check. (¶¶ 21-22.) However, the Amended Complaint alleges with particularity that it was Dell-Star and Gibson who deposited the check into the Bank of Oklahoma account, and that when these two actors did so, "they knew or should have known that the Check contained material falsities...." (¶ 22.)

The fifth cause of action alleges that "Dell-Star[,] Gibson and Brown's conduct toward Wachovia constitutes fraud and fraudulent inducement upon Wachovia." (¶25.) It then goes on to allege that as a result of the defendants' misrepresentations regarding the check, upon which Wachovia relied, Wachovia sustained $299,500.00 in damages and that Wachovia is entitled to these and other damages. (¶¶ 25, 26.) Thus, the Amended Complaint is quite specific regarding the consequences of the alleged fraud and fraudulent inducement.

The court finds and concludes that the fifth cause of action puts defendants on fair notice regarding the fraud and fraudulent inducement claims alleged against them. Although the Amended Complaint does, to some extent, allege the identity of the wrongdoers and some of the offending conduct in the alternative, it also alleges many details regarding the identity of the alleged wrongdoers, and it alleges many details regarding the time, place, content and consequences of the alleged fraud. The court

---

[3](...continued)
quoted in Koch. Lawrence is an action by a creditor seeking to revoke Chapter 7 debtors' discharge. Lawrence notes that Fed. R. Bankr. P. 7009 incorporates Rule 9(b), Fed. R. Civ. P., and then goes on to uphold the creditor's complaint as satisfying the particularity requirement of that bankruptcy rule. Lawrence, 924 F.2d at 180-81.

finds and concludes that the fifth cause of action affords fair notice of the factual ground upon which it is based, and that it sets forth the time, place and contents of the false representation, as well as the identity of the party or parties making the alleged false statements, and the consequences of the alleged fraud. Accordingly, defendants' motions to dismiss the fifth cause of action with prejudice should be denied.

## The Sixth Cause of Action

Defendants argue that the sixth cause of action is insufficiently particular for the same reasons that defendants asserted with respect to the fifth cause of action. Defendants point out that paragraph 28 of the Amended Complaint, which sets out many of the specifics of the alleged fraudulent concealment, is identical to paragraph 22 of the Amended Complaint, discussed above. (Moving brief, p. 7.) The sixth cause of action is alleged in a similar manner to the fifth cause of action. For the same reasons given in this order in support of the court's determination that the fifth cause of action is sufficient, the court now finds and concludes that the sixth cause of action is also sufficient.

## The Seventh Cause of Action

Defendants argue that the seventh cause of action, which alleges conspiracy to commit fraud, should be dismissed because it is based on the fraud claims alleged in the fifth and sixth causes of action. (Moving brief, p. 8.) As the court has now determined that the fifth and sixth causes of action are sufficient, there is no ground upon which to dismiss the seventh cause of action. The court finds and concludes that the seventh cause of action is sufficient.

## III.  Conclusion

Being mindful of the policy considerations underlying Rule 9(b), which include protecting defendants from frivolous fraud actions and from unnecessary tarnishing of their reputations, the court has carefully evaluated defendants' contention that the

Amended Complaint does not allege the fifth, sixth and seventh causes of action with sufficient particularity. Having done so, the court determines that each of the challenged claims sets forth the time, place and contents of the false representation, as well as the identity of the party or parties making the alleged false statements and the consequences of the alleged fraud. Furthermore, each of the challenged claims puts defendants on fair notice regarding the claims alleged against each of them. In these circumstances, the court finds that granting the motion would be tantamount to requiring Wachovia to know almost all of the details concerning the alleged fraud before any fraud could be alleged. The challenged causes of action are sufficiently specific and particular to meet the requirements of Rule 9(b), and they should not be dismissed under Rule 12(b)(6).

Having carefully considered the pleadings, the parties' submissions, and the parties' arguments and authorities, defendants' motions to dismiss the fifth, sixth and seventh causes of action of the Amended Complaint are **DENIED**. Defendants are **DIRECTED** to file their answer to the Amended Complaint within twenty days of the date of this order.

Dated this 13th day of October, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0263p007(pub).wpd